696 So.2d 190 (1997)
Michael F. RICHEY, Plaintiff-Appellant,
v.
VANLINER INSURANCE COMPANY, Defendant-Appellee.
No. 97-121.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
*191 Christopher R. Philipp, Lafayette, for Michael F. Richey.
John Hatch Hughes, Lafayette, for Vanliner Ins. Co.
Before DOUCET, C.J., DECUIR, J., and BABINEAUX[*], J. Pro Tem.
DECUIR, Judge.
In this workers' compensation case, Michael Richey appeals a judgment of the hearing officer denying continued SEB benefits. Defendant, Vanliner Insurance Company also appeals alleging several errors, the most serious being that the hearing officer erred in failing to forfeit Richey's benefits based on fraud under La.R.S. 23:1208.

PROCEDURAL HISTORY
The parties first went to trial in May, 1994. Judgment was rendered in favor of Richey awarding temporary, total disability benefits from September 6, 1993, the date of the injury, through October 21, 1993, and supplemental earnings benefits from October 21, 1993 at the rate of $1371.70 per month.
On January 20, 1995, Richey filed a disputed claim form 1008 with the Office of Workers' Compensation alleging that Vanliner had discontinued his supplemental earnings benefits and had failed to pay the judgment timely. Shortly thereafter, Vanliner filed a motion to modify the judgment previously rendered. The cases were consolidated and the judgment from the hearing on those consolidated issues forms the basis of this appeal.

FACTS
The hearing officer's written reasons for judgment succinctly present the facts of this case and more importantly clearly delineate her factual findings. Accordingly, we will adopt the following portion of the hearing officer's reasons as our own:
Richey, a Connecticut resident, is a truckdriver for McCollister's Moving & Storage, and was employed in that capacity on September 6, 1993 when he sustained the injury complained of. The details of the accident were not contested in the original proceeding. In the original proceeding, Richey essentially testified that on September 6, 1993, he was stopped on Interestate [sic] 10 when he thought his truck was rear ended, and when he got out of the vehicle to check, he was run over by another vehicle.
At the second trial the defendants presented additional evidence as to how the accident occurred. The testimony from the various witnesses is not entirely consistent but the court finds that Richey was traveling westbound on Interstate 10. The Labor Day traffic was moving slowly due to an accident. John Lowrence [sic] was driving a pickup truck with a boat on a trailer and was attempting to travel on the highway shoulder. As Lowrance approached the Richey vehicle, the Richey vehicle edged onto the shoulder, partially blocking Lowrance's path. Richey exited his vehicle and exchanged heated words with John's wife, Regina Lowrance, who was sitting in the front passenger seat. Richey threatened to shoot her and her husband. Richey then approached the driver's side and hit either the driver's window or door. John Lowrance drove his vehicle around the Richey vehicle. Richey jumped on the Lowrance vehicle, and beat on it with a lawn chair pulled from the cab *192 of the pickup. He then fell off and was run over. His leg was broken.
Richey was off of work until February or March of 1994. When he returned to work, he had a co-driver, Theresa Banker, to whom he paid 50% of his earnings. Richey testified that Theresa Banker was hired by him because he was unable to handle all of his driver duties after his injury. Theresa Banker corroborated this testimony. However, the evidence clearly establishes that Theresa Banker had applied to drive with Richey before the accident and, in fact, the two had been codrivers previously for other employers. Banker was in the truck with Richey at the time of the accident, and there is some evidence that she may have even been driving the Richey vehicle at the time of the accident.
The issues presented by the events leading up to the injury, and the role played by Theresa Banker were not fully presented in the original trial. This court's original judgment awarded past due and continuing benefits. Notice of judgment was issued on October 5, 1994. A check for payment of the past due benefits was received by Richey's counsel on November 17, 1994. Supplemental earnings benefits were not paid for November, December and January until February 23, 1995. Checks issued on February 23, March 1, and March 8 of 1995 were mailed to Richey's parents' address in Florida, where he had convalesced after his injury, but were apparently not received by Richey. The check issued for April, 1995 benefits was mailed to his Connecticut address and was received. This was the last payment of benefits until September, 1995. In September, Richey underwent a procedure to remove a rod from his leg, and benefits were reinstituted and were being paid at the time of trial.

FRAUD
By its first assignment, Vanliner contends that the hearing officer erred in failing to order forfeiture of benefits under La.R.S. 23:1208. We agree.
La.R.S. 23:1208(A) provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
La.R.S. 23:1208(E) provides that:
E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter.
The supreme court in Resweber v. Haroil Const. Co., 94-2708, 94-3138 (La.9/5/95); 660 So.2d 7, noted that in order to forfeit benefits, La.R.S. 23:1208 requires that 1) there is a false statement, 2) it is willfully made, and 3) it is made for the purpose of obtaining or defeating any benefit or payment.
In the present case, the hearing officer found that Richey lied when he testified that his co-driver was hired because of his injuries. He lied further by falsifying his driver's logs, as did his co-driver. Both of these instances meet the first requirement of a false statement under Resweber. The court found further that the payments to Richey's co-driver were inflated and that the purpose was to ensure payment or supplemental earnings benefits. The hearing officer, thereby, found the requirements that the statements be willfully made and for the purposes of obtaining benefits.
The hearing officer's reasons indicate the only reason forfeiture was not ordered is that defendants failed to plead fraud under La.R.S. 23:1208. Vanliner points out, and the record reflects, that the issue was raised during the hearing. When, during cross examination, it became apparent that Richey had lied, Vanliner moved to assert its rights under the fraud provisions of La.R.S. 23:1208. Vanliner, thereafter, filed a brief in support of this issue which appears in the record. Vanliner contends this was sufficient to put the issue before the court. We agree.
Vanliner raised the issue as soon as evidence of Richey's fraud became evident. Prior to Richey's testimony, Vanliner had no basis to plead fraud. Moreover, the fraud in question is a fraud upon the court as well as *193 the defendant. As such, we will not support claimant's fraud by technical application of rules related to pleadings.
Accordingly, we find that Richey's right to recover benefits is forfeited under the provisions of La.R.S. 23:1208. Although the statute requires forfeiture of any compensation benefits under the Chapter, it does not contain an express provision granting authority to order reimbursement of benefits already paid by an employer or insurer to a claimant. LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La.App. 1 Cir. 6/28/96); 676 So.2d 1157; Sumrall v. Luhr Brothers, 95-0779 (La.App. 1 Cir. 12/15/95); 665 So.2d 796, writ denied, 96-0187 (La.3/15/96); 669 So.2d 425. Thus, the impact of our finding is somewhat muted by the hearing officer's decision not to award further supplemental earnings benefits. However, the hearing officer did award penalties and attorney fees for failure to timely pay the previously owed benefits. As we have found that Richey is not entitled to those benefits by reason of fraud, there are no benefits upon which to base an award of penalties and attorney fees. The hearing officer's judgment awarding penalties and attorney fees is, therefore, reversed.
In addition, our resolution of the fraud issue renders moot Richey's assignment alleging that the hearing officer erred in failing to award continuing supplemental earnings benefits moot.

RES JUDICATA
By this assignment, Vanliner contends that the hearing officer erred in finding that its attempt to rely on the first aggressor defense was res judicata. We disagree.
The theory of res judicata is that matters actually litigated and finally adjudged are presumed correct and should not be contradicted in a subsequent suit. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La. 1978). When a litigant interposes a plea of res judicata, the court must examine the entire record of the first suit to determine whether the form of relief sought in the second suit was actually ruled upon. Id.
Vanliner directs our attention to Gary v. H.B. Zachry Co., Inc., 93-581 (La.App. 3 Cir. 2/2/94); 631 So.2d 671, writ denied, 94-540 (La.4/22/94); 637 So.2d 159, asserting that in workers' compensation cases issues of res judicata are treated differently. We note that Gary and the cases cited therein are somewhat different from the present case. First, the cases almost uniformly reopen cases in favor of claimants, citing the paternalistic aims of workers' compensation laws. Those considerations are not evident here. Secondly, the Gary case and the cases cited therein generally involved issues related to disability and extent of injury. As such, they recognize that workers' compensation is an ongoing process that must be dictated to some extent by the physical condition of the claimant. The present case deals with the more basic issues of liability for the injury sustained. Once this issue is resolved, neither the paternalistic aims of workers' compensation nor recognition of the changing nature of disability necessitates suspending the general rules of res judicata.
In the present case, Vanliner contends that it should be allowed to assert the first aggressor defense to defeat liability. The first aggressor doctrine is a defense to liability. Liability is the underlying issue being adjudged. It is clear from the record that the hearing officer was well acquainted with the unusual facts of the case and in particular Richey's behavior. Despite this knowledge, the hearing officer found for Richey in the first hearing. The hearing officer held that the issue of liability had already been adjudged and concluded that the first aggressor defense was res judicata. We find no error in that ruling.
Our resolution of the foregoing issues is dispositive. Accordingly, we pretermit discussion of the remaining assignments.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is reversed insofar as it fails to forfeit Richey's benefits under the provision of La.R.S. 23:1208 and awards penalties and attorney fees for untimely payment of the previous judgment. The hearing *194 officer's judgment is affirmed in all other respects.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[*] Honorable Allen M. Babineaux, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.