# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1061


TAMMATHA MESSINA

VERSUS

ISLE OF CAPRI CASINO


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 03-00401
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE
**********

### ELIZABETH A. PICKETT
### JUDGE

**********

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

Anne Derbes Keller
Phelps, Dunbar LLP
365 Canal St., Suite #2000
New Orleans, LA 70130-6534
(504) 566-1311
Counsel for Defendant-Appellant:
Isle of Capri Casino

Thomas E. Townsley
Attorney at Law
711 Pujo Street
Lake Charles, LA 70601
(337) 430-0994
Counsel for Plaintiff-Secondary Appellant:
Tammatha Messina

**Pickett, Judge.**

The appellant, Isle of Capri Casino, appeals a judgment of the Workers' Compensation Judge finding that Tammatha Messina is entitled to benefits. Tammatha Messina answers the appeal seeking increased benefits, penalties, and attorney fees.

### FACTS

In this workers' compensation case there is no dispute that the employee, Tammatha Messina, was in the course and scope of her employment when she fell down a flight of stairs on June 18, 2001. There is a dispute about the nature and extent of any injuries she sustained to her right ankle and right side. After the accident, Ms. Messina initially saw Dr. Lynn Foret, an orthopedic surgeon, though whether the employer referred her to Dr. Foret or Ms. Messina saw Dr. Foret on her own is a matter of dispute. Dr. Foret treated Ms. Messina and later released her for regular duty after correspondence with Isle of Capri. Ms. Messina also saw her regular physician, Dr. Louis Shirley, who determined she was unable to work and suggested she see an orthopedist. She then consulted with Dr. Dale Bernauer, an orthopedic surgeon, who recommended surgery. The Isle of Capri then sent Ms. Messina to see Dr. Gregory Gidman, who performed diagnostic tests and determined that Ms. Messina could benefit from lumbar surgery. Even so, the Isle of Capri stopped paying medical benefits and has never payed indemnity benefits, and Ms. Messina filed this claim.

The trial of this matter was held on November 17, 2003 and December 16, 2003, and the WCJ took the matter under advisement. The WCJ issued a judgment on April 7, 2004, finding that (1) Ms. Messina was injured in the course and scope

1

of her employment, (2) the employer had failed to prove fraud pursuant to La.R.S. 23:1208, (3) Ms. Messina was entitled to treatment with her choice of physician, Dr. Dale Bernauer, (4) the court would appoint an IME to address the issue of whether surgery was necessary and whether Ms. Messina had a drug dependency, and (5) the employer had reasonably controverted the claim such that Ms. Messina's claim for penalties and attorney fees was denied. The WCJ subsequently issued an order on April 21, 2004, ordering an IME. The Isle of Capri has appealed the judgment and the order. Ms. Messina has answered the appeal.

## ASSIGNMENTS OF ERROR

The appellant, Isle of Capri Casino, asserts five assignments of error:

1. The trial court erred in failing to find that employee forfeited workers' compensation benefits pursuant to La.R.S. 23:1208 by providing false statements and misrepresentations for the purpose of obtaining benefits.

2. The trial court erred in finding that employee selected Dr. Bernauer as her choice of physician where the record established that employee knowingly and willingly executed a Choice of Physician form selecting Dr. Foret as her choice of physician.

3. The trial court erred in failing to find that employee was not disabled as evidenced by Dr. Foret's discharge of employee to return to regular duty and where employee was capable of engaging, and had engaged, in work for wages.

4. The trial court erred in ordering a post-trial independent medical examination of employee.

5. The trial court erred in refusing to admit into evidence excerpts of employee's deposition that were used to impeach employee during cross-examination where the excerpts were offered prior to completion of employee's cross-examination.

Answering the appeal, Tammatha Messina, the cross-appellant, also asserts five assignments of error:

1. The Court erred in failing to address Ms. Messina's disability status that was uncontradicted in the medical evidence and failing to award weekly

2

indemnity and all medical benefits after finding a compensable underlying claim.

2.  The Court erred in failing to address and assess the associated court cost, which includes Dr. Bernauer's $1600 expert testifying fee and the transcript fee of $311.00 and the costs of various certified records, $57.13 for Dr. Gidman, $30.50 for Dr. Shirley, $11.83 for Lake Area Rehabilitation Services, $31.74 for Dr. Foret, and $30.26 for St. Patrick's Hospital, against the defendant.

3.  The Court erred in denying the claimant multiple penalties for numerous arbitrary and capricious acts on the part of the defendant, the Isle of Capri Casino, the evidence demonstrated the following facts that were not reasonably controverted:

    (1) Failure to pay indemnity benefits from June 19, 2001, to July 4, 2001, when Dr. Lynn Foret (the Isle's choice of doctor) took Ms. Messina off work;

    (2) Failure to pay SEB benefits from July 5, 2001, to August 31, 2001, when Dr. Lynn Foret released her to light duty and she did not make 90% of her average weekly wage;

    (3) Failure to pay indemnity benefits from September 5, 2001, to the present, as her treating physicians, Dr. Louis Shirley and Dr. R. Dale Bernauer, opined that she was disabled from working. On October 9, 2001, the defendant sent Ms. Messina to Dr. Gregory Gidman, who also found Ms. Messina was not able to perform her prior work and would need restrictions and limitations placed upon her, and yet, the defendant offered her no work or payment of benefits;

    (4) Failure to pay or approve medical treatment of her family physician Dr. Louis Shirley with no basis for denying;

    (5) Failure to pay or approve the myelogram and diagnostic tests ordered by Dr. R. Dale Bernauer; [and]

    (6) Failure to approve the surgery recommended by Dr. Bernauer without any contradictory medical opinions.

4.  The Court erred in denying the Claimant attorney fees for the arbitrary and capricious acts outlined above. A fair allocation of attorney fees for the trial work would have been $20,000.00. Claimant['s] counsel would also ask for $3000.00 in attorney fees for the pursuit of the appeal.

5.  The Court erred in allowing any evidence of and even considering the issue of 1208 forfeiture of benefits as it was not affirmatively pled and was timely objected to at trial. The Defendant never discussed said

affirmative defense until she listed it on her untimely filed Pre-Trial Statement filed just days before the trial. Plaintiff timely objected to the issue. The court also erred in allowing multiple medical exhibits not listed on the Pre-trial Statement or prov[id]ed to the plaintiff's counsel at least 10 days prior to the start of the trial.

## DISCUSSION

The WCJ failed to enter any reasons for her judgment in the record, so we lack any indication of her reasoning.

*Forfeiture of Benefits*

Isle of Capri's first assignment of error alleges that the trial court erred in failing to find that Ms. Messina forfeited her benefits pursuant to La.R.S. 23:1208 by providing false statements and misrepresentations for the purposes of obtaining benefits. Ms. Messina, in her fifth assignment of error, argues that the WCJ should have disallowed any evidence of fraud pursuant to La.R.S. 23:1208 because the employer failed to properly plead the issue pursuant to La.Code Civ.P. art. 1005. We will address Ms. Messina's claim first.

Louisiana Code of Civil Procedure article 1005 states:

> The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

Isle of Capri filed its answer on a preprinted form on March 18, 2003. That form includes a section for affirmative defenses which Isle of Capri left blank. The first allegation of a violation of La.R.S. 23:1208 is in the Pre-Trial Statement filed by Isle

4

of Capri on November 10, 2003. At the trial, Ms. Messina's attorney objected to the introduction of evidence regarding a 1208 fraud claim.

In *Boone v. Mid-State Marketing*, 03-1032, p.5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 91, 96-7, *writ denied*, 04-878 (La. 6/25/04), 876 So.2d 833, this court stated:

> Whether Mr. Boone made false statements for the purpose of obtaining workers' compensation benefits is a disputed issue in this case. However, fraud/misrepresentation was not plead by the defendant under La.Code Civ.P. art. 1005, which states: "the answer shall set forth affirmatively ... fraud ... and any other matter constituting an affirmative defense." Paragraph 12 of the defendant's answer only addressed set-offs and credits; it did not mention misrepresentation or fraud.

> Furthermore, the record discloses that the defendant specifically stated that "a 1208 has not been asserted." This statement amounted to a judicial admission. See La.Civ.Code. art. 1853. "A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary. Such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue." *Succession of Poland*, 34,291, p. 4 (La.App. 2 Cir. 4/4/01), 784 So.2d 701, 704.

> Inasmuch as the defendant did not address the issue of fraud/misrepresentation in its answer and stated at the beginning of the trial that it was not asserting this affirmative defense it is foreclosed from arguing the merits of this defense.

In the instant case, there is no such judicial admission, and Ms. Messina was not put on notice that 1208 fraud would be an issue until the pre-trial statement was filed. In denying the objection, the WCJ cited *Richey v. Vanliner Insurance Co.*, 97-121 (La.App. 3 Cir. 6/4/97), 696 So.2d 190, *writ denied*, 97-1799 (La.10/13/97), 703 So.2d 620. In *Richey*, the WCJ refused to find that the employee had forfeited damages pursuant to 1208 because the fraud was not pled as an affirmative defense. This court found that because it became evident during cross examination that the employee was lying, and the employer then asserted the forfeiture provisions of La.R.S. 23:1208 and later briefed this issue, forfeiture was warranted. We stated:

5

> Vanliner raised the issue as soon as evidence of Richey's fraud became evident. Prior to Richey's testimony, Vanliner had no basis to plead fraud. Moreover, the fraud in question is a fraud upon the court as well as the defendant. As such, we will not support claimant's fraud by technical application of rules related to pleadings.

*Id.* at 192-193.

We find that La.Code Civ.P. art. 1005 requires that a fraud claim pursuant to La.R.S. 23:1208 must be specifically pled in the answer. *Richey*, which in effect creates a jurisprudential exception to art. 1005, is clearly distinguishable from the case before us. We have before us not a situation where allegations or evidence of fraud came up unexpectedly, depriving the defendant of an opportunity to seek relief under La.R.S. 23:1208. This accident occurred on June 18, 2001. The trial on the merits took place two years and five months later. The activities which the employer claims are proof of fraud had long been known to the employer, yet the employer failed to plead fraud as an affirmative defense and made no mention that fraud would be pursued as an affirmative defense until the allegation was included in the employer's pre-trial statement which was untimely filed only one week before trial.

Under the circumstances of this case, we find the employer has forfeited his right to plead fraud under La.R.S. 23:1208.

*Choice of Physician*

The Isle of Capri's second assignment of error asserts that Ms. Messina chose Dr. Foret, and not Dr. Bernauer, as her choice of physician. Louisiana Revised Statute 23:1121 states, in pertinent part:

> A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer

6

or his workers' compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee.

B. (1) The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.

(2)(a) If the employee is treated by any physician to whom he is not specifically directed by the employer or insurer, that physician shall be regarded as his choice of treating physician.

(b) When the employee is specifically directed to a physician by the employer or insurer, that physician may also be deemed as the employee's choice of physician, if the employee has received written notice of his right to select one treating physician in any field or specialty, and then chooses to select the employer's referral as his treating specialist after the initial medical examination as signified by his signature on a choice of physician form. The notice required by this Subparagraph shall be on a choice of physician form promulgated by the director of the office of workers' compensation and shall contain the notice of the employee's rights provided under R.S. 23:1121(B)(1). Such form shall be provided to the employee either in person or by certified mail.

(3) Paragraph (2) of this Subsection shall not apply to other physicians to whom the employee is referred by the physician selected by the employer unless the employer or insurer has obtained the choice of physician form provided for under Subparagraph (2)(b) separately for any such physician after the initial medical examination with that physician.

(4) In instances where the employee is illiterate or has a language barrier, an authorized representative of the employer or insurer shall attest by his signature on the form that he has reasonably read and explained the form to such employee prior to their signatures.

(5) If the employee fails or refuses to sign the form as provided in Subparagraph (2)(b) and Paragraph (3) of this Subsection, the employer or his insurer shall be entitled to seek an expedited hearing to be held within ten days, and upon order of the court, may suspend medical

benefits until such time as the employee complies with Subparagraph (2)(b) and Paragraph (3) of this Subsection.

Sections B(2) through B(5) were added by the legislature in 2003. 2003 La. Acts No. 886, §1. The relevant facts in this case occurred in 2001, before the enactment of the amendment. Thus, we must first determine if these sections are to be applied retroactively to the facts of this case. This court discussed the retroactive application of statutes in *Marmino v. City of Crowley*, 02-472, p.5 (La.App. 3 Cir. 10/30/02), 829 So.2d 1117, 1120-1121, *writ denied*, 02-2914 (La. 2/7/03), 836 So.2d 105:

> With regard to the question of retroactive/prospective application of legislation, Article 6 of the Louisiana Civil Code provides: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." The Louisiana Supreme Court has further instructed that, in the event that the legislature has made its intent known, the court's inquiry ends. *See Cole v. Celotex Corp.*, 599 So.2d 1058 (La.1992). Absent that intent, however, the court is left to classify the legislation as substantive, procedural or interpretive. *Id.*

The legislature did not indicate its intent, so we are left to determine whether the act is substantive, procedural, or interpretive. "'Substantive laws,' for purposes of determining whether a law should be applied retroactively, are those which establish new rules, rights, and duties, or change existing ones." *Landry v. Avondale Indus., Inc.*, 03-0719, p. 6 (La.12/3/03), 864 So.2d 117, 123 (quoting *Anderson v. Avondale Indus.*, 00-2799 (La.10/16/01), 798 So.2d 93, 97; citing *Aucoin v. State Through Dept. of Transp. and Dev.*, 97-1938, 97-1967 (La.4/24/98), 712 So.2d 62, 67). As the statute in question changes the rules for selecting a physician, we find the act is substantive in nature and should only be applied prospectively.

In the instant case, Ms. Messina claims that Rhonda Papadimitrou, the workers' comp administrator for Isle of Capri at the time of the accident, referred her to Dr. Lynn Foret. Later, Ms. Messina claims that Mrs. Papadimitrou told her she had to sign a choice of physician form naming Dr. Foret as her choice of orthopedic surgeon or the Isle of Capri would no longer pay Dr. Foret's bills.

Mrs. Papadimitrou testified that she may have suggested Dr. Foret because she or her husband had been teated by him, but she did not specifically refer Ms. Messina to Dr. Foret. The Isle of Capri argues this claim is supported by the fact that there is no reference in Dr. Foret's notes indicating a referral by the Isle of Capri. Mrs. Papadimitrou also testified that she would not have told Ms. Messina that the Isle of Capri would not pay for her treatment with Dr. Foret unless she signed the choice of physician form. Finally, the Isle of Capri claims they would not have scheduled an IME with Dr. Gregory Gidman, and Ms. Messina's counsel would not have allowed the IME with a second physician if Dr. Foret was the choice of the Isle of Capri.

This is yet another factual determination that should not be reversed absent manifest error. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). While we may have reached a different conclusion, there is evidence to support the WCJ's finding, and it should not be reversed.

*Disability Status*

The Isle of Capri's third assignment of error alleges that the trial court erred in finding that Ms. Messina was not disabled because she performed work for wages after the accident. The problem this court faces in reviewing this issue is that the WCJ did not determine whether Ms. Messina was disabled or not as a result of her injuries. In the judgment, the only finding was that the employee was injured as a

result of the June 18, 2001 accident, not whether she was disabled as a result of that injury. "[I]t is not in order for the appellate court to consider on appeal issues not previously decided by the trial court." *Gorham v. Mathieson Alkali Works*, 27 So.2d 299, 304 (La.1946). The claimant, in her first assignment of error, also raises the issue of the WCJ's failure to determine her disability status. Thus, this issue, as well as the issue of benefits raised in Ms. Messina's first assignment of error, require remand to the Office of Workers' Compensation for a determination before it can be reviewed by this court.

*Independent Medical Examination*

The Isle of Capri's fourth assignment of error concerns the order issued by the WCJ after the rendition of the judgment in which she ordered an IME. The purpose of the order was to give the judgment, wherein she originally ordered the IME, effect. There is no error in this order. See *Watkins v. Asphalt Assoc., Inc.*, 96-249 (La.App. 3 Cir. 12/4/96), 685 So.2d 393.

*Introduction of Deposition*

Isle of Capri argues in its fifth assignment of error that the WCJ refused to allow the entirety of Ms. Messina's deposition to be entered into the record, but did allow one page of the deposition in, on the grounds that the remainder was not offered into evidence at the time of the testimony. We find that, in fact, the deposition was offered during the examination of Ms. Messina. It was, therefore, error to deny the admission of the deposition in its entirety, but the error will not affect the outcome of this appeal.

*Court Costs*

In her second assignment of error, Ms. Messina argues the trial court erred in failing to assess court costs and urges this court to set those costs. Louisiana Code of Civil Procedure article 2088(10) states that the trial court retains jurisdiction to "[s]et and tax costs and expert witness fees" once an appeal has been filed. Since we are remanding this case for further proceedings, we choose to leave the setting of court costs to the WCJ.

*Penalties and Attorney Fees*

In her third and fourth assignments of error, Ms. Messina alleges the trial court erred by failing to order the payment of certain penalties and attorney fees she claims are appropriate because of the Isle of Capri's failure to pay certain benefits she alleges are due, and the failure to allow certain medical treatment she claims is necessary.

Many of the claims for penalties and attorney fees alleged by Ms. Messina cannot be addressed by this court because these issues have not been ruled on by the WCJ. The failure of the WCJ to find whether Ms. Messina was disabled means the WCJ also failed to determine if she was entitled to certain benefits, meaning subparts one through three of assignment of error three are not ripe for our consideration. Part four alleges that the Isle of Capri should be required to pay penalties because they failed to pay for Ms. Messina's treatment with Dr. Shirley. Part five alleges that the Isle of Capri should be required to pay penalties for failure to pay for Ms. Messina's treatment with Dr. Bernauer. The WCJ found that the Isle of Capri had reasonably controverted the claims of Ms. Messina and would not be required to pay penalties and attorneys fees. The record supports the WCJ's conclusion, and, as this is subject

11

to a manifest error standard of review, we find no error in the WCJ's ruling. Finally, given that the WCJ ordered an IME to determine if surgery is necessary, the failure to pay for surgery is not arbitrary and capricious, and penalties and attorney fees are not due.

## CONCLUSION

The judgment of the workers' compensation judge is affirmed. The matter is remanded for further proceedings to determine the remaining issues pertaining to Ms. Messina's disability status. Costs of this appeal are assessed to Isle of Capri.

**AFFIRMED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**