STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-154

DWAYNE COMEAUX

VERSUS

BUTCHER AIR CONDITIONING COMPANY, INC., ET AL.

**********

SUPERVISORY WRIT FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 18-04192
ANTHONY PALERMO, WORKERS COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.

WRIT DENIED.

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
COUNSEL FOR DEFENDANTS/RESPONDENTS:
    Butcher Air Conditioning Company, Inc.
    LCTA Casualty Insurance Company

**C. Ray Murry**
**Jonathan Chatwin**
**Amber E. Murry**
**C. Ray Murry Attorney at Law, L.L.C.**
**9375 Florida Blvd.**
**Baton Rouge, LA 70815**
**(225) 831-4845**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
       **Dwayne Comeaux**

**SAUNDERS, Judge.**

Relator, Dwayne Comeaux ("Comeaux"), seeks a supervisory writ from the denial of his motion to strike the affirmative defenses of fraud and misrepresentation filed by his employer, Butcher Air Conditioning, Inc. ("Butcher"), and its workers' compensation insurer, LCTA Casualty Insurance Company (hereinafter collectively referred to as "Defendants"). The ruling was rendered by the Office of Workers' Compensation, District 04, the Honorable Anthony Palermo, WCJ presiding.

## STATEMENT OF THE CASE

Comeaux was hired by Butcher as an air conditioning maintenance technician on February 4, 2014. Comeaux disclosed the following things on a post-hire medical history questionnaire dated February 11, 2014: (1) previous complaints of double vision/blurred sight, headaches, and knee pain; (2) exploratory abdominal surgery in 1988 after a car wreck; (3) a strained muscle in his back that caused him to miss "a couple of days" of work" in 1995; and (4) high blood pressure requiring medication. On October 24, 2014, Comeaux filled out a "Knowledge Questionnaire" for the Louisiana Second Injury Board ("Second Injury Board"), disclosing his high blood pressure and the 1995 back injury. He indicated that he received workers' compensation benefits for the 1995 back injury for one year. He did not list the vision or knee complaints or the 1988 surgery.

Comeaux alleges that he was injured on December 2, 2014, when he yanked on a snagged hose and fell backwards onto his buttocks. The alleged accident occurred on the roof of a building where he was working and was unwitnessed. The alleged accident happened near the end of his workday. He went to his primary care physician the next day on his lunch break. Comeaux continued working until March 4, 2015, but he has not worked since that time.

Butcher alleges that it was not notified of the alleged accident until March 5, 2015. An investigator took a recorded statement from Comeaux in late March 2015, and Comeaux reported that he suffered "several broken ribs and a left hip contusion in a motor vehicle accident 'six or seven years ago[.]'"

On November 6, 2015, the Second Injury Board denied Butcher's claim that Comeaux had a pre-existing permanent partial disability.

Comeaux's treating orthopedist recommended a three-level lumbar disc fusion in April of 2018, and Defendants requested a second medical opinion (SMO). When Comeaux allegedly refused to attend the SMO as scheduled, Defendants suspended benefits effective June 12, 2018. Comeaux filed a disputed claim for compensation on June 21, 2018. Defendants filed a general denial on June 27, 2018, and did not assert any affirmative defenses.

Defendants filed a motion seeking leave to file an amended answer, and on September 24, 2018, the Workers' Compensation Judge ("WCJ") signed an order allowing that. On September 26, 2018, Defendants filed an amended answer alleging that Comeaux violated La.R.S. 23:1208 and 23:1208.1 by misrepresenting prior accidents, misrepresenting prior similar injuries, and misrepresenting the timely reporting of an accident/injury. Comeaux filed a motion to strike this amended answer, alleging that Defendants waived the right to argue the affirmative defense of fraud for the misrepresentation of benefits under either La.R.S. 23:1208 or 23:1208.1 by failing to raise it in their original answer and that the claims in the amended answer were vague and ambiguous.

A hearing on the motion to strike was held on December 21, 2018. Over the objection of Comeaux, Defendants were allowed to file their opposition to the motion to strike after the hearing on the motion.

A judgment denying the motion to strike was signed on December 28, 2018, and notice issued the same day.[1] Comeaux timely filed a notice of intent to apply for a supervisory writ, and the WCJ set a return date of February 8, 2019. Comeaux timely requested an extension, and a new return date of February 25, 2019, was set. This writ application was timely filed. Defendants filed an opposition to the writ application.

There are no scheduled hearings, and no trial date has been set. The WCJ issued a stay of the proceedings pending the resolution of this writ application.

"[T]he trial court's ruling on a motion to strike is interlocutory in nature and, generally is not appealable." *State by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd.*, 17-448, p. 16 (La.App. 1 Cir. 2/8/18), 242 So.3d 597, 607 (citations omitted). "Ordinarily, an application for a supervisory writ is the appropriate vehicle for the review of an interlocutory judgment." *McGinn v. Crescent City Connection Bridge Authority*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148.

## ON THE MERITS

*Late-Filed Opposition*

Comeaux argues that the WCJ erred in allowing Defendants to file an opposition to his motion to strike after the hearing because this violates La.Dist.Ct.R. 9.9(c), which requires that an opposition be served so that it is received by the other party at least eight calendar days prior to the hearing. This court considered several cases where parties did not file their oppositions to motions for summary judgment in accordance with La.Dist.Ct.R. 9.9(c) and noted that there is no abuse of discretion in "choosing *to allow* late-filed opposition materials if there is no prejudice to the

_____

[1] Comeaux alleges that despite his request for written reasons for ruling, the WCJ has not issued any.

mover." *Tolliver v. Broussard*, 14-738, p. 10 (La.App. 3 Cir. 12/10/14), 155 So.3d 137, 144, *writ denied*, 15-212 (La. 4/17/15), 168 So.3d 401 (emphasis in original) (citations omitted). In this case, Defendants allege that Comeaux was not prejudiced by the WCJ's allowing Defendants to file their opposition after the hearing because the court had granted a motion to continue. Defendants allege that a continuance was granted at Comeaux's request to allow him time to respond to the issues raised in the amended answer. Comeaux alleges that Defendants asked for the continuance after the hearing began and cites pages 12-13 of the transcript. The transcript does not support that allegation. Defendants do not provide any motion to continue or order granting a continuance with their opposition to the writ application, but the transcript is clear that the WCJ did not think that there would be a hearing on the motion to strike. Defendants' opposition to the motion to strike states that Comeaux asked for, and was granted, a continuance of a December 12, 2018, trial date in order to respond to the amended answer that was filed at the end of September. According to Defendants, it was thought that the motion to strike was moot due to the continuance.

Comeaux also contends that allowing Defendants to file an opposition after the hearing deprived him of his "right" to file a reply brief and his "statutory right" to make oral arguments in response to the issues raised in the opposition. Louisiana District Court Rule 9.9(d) states that the mover "may" furnish a reply memorandum. While Comeaux argues that this opposition makes new arguments and cites new cases, the opposition merely addresses and attempts to distinguish the cases cited by Comeaux. The only new case cited is *Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 01-345 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 834, and it is cited only for the proposition that a motion to strike should not be used as a means of disallowing substantive allegations. This is

4

hardly a new issue that the WCJ would have found necessary or helpful to be addressed in a reply memorandum or oral argument by Comeaux.

The WCJ indicated that it would make a decision on the motion on "Wednesday" following the hearing, which was held on Friday, December 21, 2018. Defendants filed their opposition the same day, December 21, 2018, and certified that they faxed it on the same day to Comeaux's counsel. The trial court did not sign a judgment until December 28, 2018. There is no indication in the writ application that Comeaux attempted to file a reply or request a further hearing between December 21 and December 28, 2018.[2]

We find that the WCJ did not abuse his discretion in allowing Defendants to file an opposition to the motion to strike after the hearing or in considering that opposition in rendering his decision on the motion to strike.

*Motion to Strike*

Louisiana Code of Civil Procedure Article 964 provides, in pertinent part, that "[t]he court on motion of a party . . . may at any time and after a hearing order stricken from any pleading any insufficient demand or defense[.]" "The granting of a motion to strike . . . rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard." *Cole v. Cole*, 18-523, pp. 7-8 (La.App. 1 Cir. 9/21/18), 264 So.3d 537, 544. This court has noted that "[m]otions to strike are viewed with disfavor and are infrequently granted." *Hazelwood*, 790 So.2d at 98.

Comeaux contends that the amended answer should be stricken because Defendants waived the affirmative defense of fraud by failing to plead it in their original answer. In the alternative, Comeaux argues that the amended answer should

---

[2] Only December 24 and 25, 2018, were state holidays.

be stricken because it fails to plead fraud with particularity as required by La.Code Civ.P. art. 856.

Louisiana Code of Civil Procedure Article 1002 provides that "the defendant may file his answer or other pleading at any time prior to the signing of a final default judgment against him." Louisiana Code of Civil Procedure Article 1005 provides that fraud, as an affirmative defense, must be set forth in the answer. This applies to an employer's claim under La.R.S. 23:1208. *Messina v. Isle of Capri Casino*, 04-1061 (La.App. 3 Cir. 12/22/04), 891 So.2d 780, *writ denied*, 05-535 (La. 4/29/05), 901 So.2d 1071.

> The policy behind the requirement that affirmative defenses be raised in answer is sensible and laudable. Because affirmative defenses raise matters for judicial resolution outside of issues raised by plaintiff's petition, plaintiff must be made aware of these matters at an early stage so that plaintiff can prepare an opposition to the defense and adjust his case, if necessary, in light of the new facts and issues raised by the affirmative defense. If the affirmative defense is allowed despite the defense not being raised in answer, the result is a surprise "trial by ambush" that unfairly aids the defendant, who knew about the defense even though plaintiff was kept in ignorance of the defense.

*Rider v. Fontenot*, 463 So.2d 951, 956 (La.App. 3 Cir. 1985).

There is no statute or jurisprudence that requires an employer's claim under La.R.S. 23:1208 or 23:1208.1 be brought only in an original answer and/or that prohibits it from being raised in an amended answer. To the contrary, "[t]he trial court has great discretion in determining whether to allow amendment to pleadings. Thus, a trial court's ruling on the issue will not be reversed absent an abuse of that discretion." *Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31, p. 12 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1109, *writ denied*, 15-1950 (La. 11/30/15), 184 So.3d 36.

In *Koonce*, 172 So.3d at 1110, this court noted that the plaintiff "focuses sharply on the fact that the immunity defenses were not asserted at the dawn of the litigation" but concluded that "[h]is reliance on this is misplaced." This court noted

the following factors in finding no abuse of discretion in the denial of the plaintiff's motion to strike the amended answer and affirmative defenses: (1) there was "no evidence that Appellees sought to amend their answer in bad faith or for the purpose of achieving a delay of the proceedings[,]" and (2) the plaintiff did not allege or show that he was prejudiced by the amended answer. *Id.*

In *Messina*, 891 So.2d 780, the employer forfeited its right to plead the employee's fraud because it never raised the issue until it included that allegation in its pre-trial statement which was untimely filed one week before trial. *Messina* is distinguishable. In the present case, Defendants sought and were granted leave of court to file an amended answer. The amended answer was filed only three months after the disputed claim for compensation. September 26, 2018, the date on which the amended answer was filed, was well within the sixty-day deadline from the December 12, 2018 trial date set by the scheduling order for the amendment of pleadings. Comeaux does not dispute that the trial date was continued at his request. As Defendants note, in Comeaux's motion to strike, Comeaux himself points out all of the specific incidents that Defendants claim constitute Comeaux's misrepresentations or his failures to disclose his prior injuries, including the 2008 car accident. As such, Comeaux's claim that the allowance of the filing of the amended answer is unduly prejudicial to him is disingenuous.

The merits of the fraud defense are not at issue in this writ application. Only Defendants' right to raise the defense is at issue. For the reasons cited above, we find that the trial court did not abuse its discretion in denying Comeaux's motion to strike the amended answer alleging fraud.

**WRIT DENIED.**

7