822 So.2d 68 (2002)
Alvin C. COPELAND
v.
TREASURE CHEST CASINO, L.L.C., and Robert J. Guidry
No. 2001 CA 1122.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*69 Robert A. Kutcher, Metairie, for Plaintiff-Appellant Alvin C. Copeland.
Paul S. West, Justin M. O'Brien, Baton Rouge, for Defendant-Appellee Treasure Chest Casino, L.L.C.
Lanny R. Zatzkis, Arthur A. Lemann, III, Ralph Capitelli, New Orleans, Winston Decuir, Sr., Baton Rouge, for Defendant-Appellee Robert J. Guidry.
Before: FOIL and PETTIGREW, JJ., and KLINE[1], J. Pro Tem.
PETTIGREW, J.
In this case, plaintiff appeals the trial court's judgment sustaining the peremptory exceptions pleading the objection of no cause of action filed by defendants and dismissing his claim with prejudice.

FACTS AND PROCEDURAL HISTORY
Alvin C. Copeland filed the instant suit on September 15, 1999, as a result of what he alleged was an "overarching corrupt conspiracy" by defendants, Treasure Chest Casino, L.L.C. ("Treasure Chest") and Robert J. Guidry. Mr. Copeland was the sole shareholder of American International Gaming Association, Inc., a Louisiana corporation that had applied for authorization to conduct gaming activities on a riverboat in accordance with the Louisiana Riverboat Economic Development and Gaming Control Act. According to Mr. Copeland's petition, Treasure Chest and Mr. Guidry conspired with various other individuals to corrupt the riverboat gaming licensing process and prevent him from entering the riverboat casino gambling business in Kenner, Louisiana. Seeking damages including, but not limited to, treble damages, lost profits, attorney fees, and court costs, Mr. Copeland alleged four separate causes of action; namely, a RICO claim, a claim under the Louisiana Unfair Trade Practices and Consumer Protection Law, a claim of fraud under La. Civ.Code art. 2315, and a claim of unjust enrichment. In response to Mr. Copeland's petition for damages, Treasure Chest and Mr. Guidry each filed an exception raising the objection of no cause of action.
The matter proceeded to hearing on November 13, 2000, at which time the trial court heard argument from all counsel and took the matter under advisement. The court rendered oral reasons for judgment on January 31, 2001, maintaining the no *70 cause of action objections filed on behalf of Treasure Chest and Mr. Guidry. Thereafter, on March 7, 2001, the court rendered a written judgment as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Exceptions of No Cause of Action filed by the defendants, Treasure Chest Casino, L.L.C., and Robert Guidry are hereby granted and the petition of the plaintiff, Alvin C. Copeland is hereby dismissed with prejudice.
It is from this judgment that Mr. Copeland has appealed, assigning the following specifications of error:
1. The district court erred in sustaining the Exceptions of No Cause of Action.
2. The district court abused its discretion by refusing to allow Copeland an opportunity to amend his Petition.
Because we find merit to Mr. Copeland's first assignment of error, we need not address the remaining issue.

NO CAUSE OF ACTION
The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action, and all well-pleaded allegations of fact are accepted by the court as true. La.Code Civ. P. art. 931. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a de novo review. The exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, XXXX-XXXX, p. 4 (La.11/29/01), 801 So.2d 346, 349. When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action. Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d 203, 206-207 (La.App. 1 Cir.1990). Further, any doubts are resolved in favor of the sufficiency of the petition. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 5 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 755, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982. The question, therefore, is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Home Distribution, Inc. v. Dollar Amusement, Inc., 98-1692, p. 5 (La.App. 1 Cir. 9/24/99), 754 So.2d 1057, 1060.

ANALYSIS
As previously indicated, Mr. Copeland alleges four separate causes of action in the instant case; namely, a RICO claim, a claim under the Unfair Trade Practices and Consumer Protection Law, a claim of fraud under La. Civ.Code art. 2315, and a claim of unjust enrichment. Treasure Chest and Mr. Guidry assert that each of Mr. Copeland's claims fails to state a cause of action. Our review of the record reveals that Mr. Copeland has stated a cause of action under the Unfair Trade Practices and Consumer Protection Law, thus warranting *71 reversal of the trial court's judgment.
A cause of action for unfair trade practices is governed by the provisions of the Unfair Trade Practices and Consumer Protection Law set forth in La. R.S. 51:1401, et seq. Louisiana Revised Statutes 51:1405(A) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." This legislation is broadly and subjectively stated and does not specify particular violations. Rather, what constitutes an unfair trade practice is determined by the courts on a case-by-case basis. Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1 Cir.), writ denied, 582 So.2d 1311 (La.1991). However, it is well settled that a practice is considered unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers or business competitors. Inka's S'Coolwear, Inc. v. School Time, L.L.C., 97-2271, p. 10 (La.App. 1 Cir. 11/6/98), 725 So.2d 496, 501. Louisiana Revised Statutes 51:1409(A) confers a private right of action on "[a]ny person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405."
Accepting the well-pleaded allegations of fact in Mr. Copeland's petition as true, we are satisfied that he has stated a cause of action for unfair trade practices. Treasure Chest and Mr. Guidry both argue on appeal that Mr. Copeland failed to show how he has suffered an "ascertainable loss of money or moveable property," noting that a riverboat gaming license is not property. We agree with this argument insofar as it relates to status of a riverboat gaming license. Louisiana Revised Statutes 27:42(B) provides, in pertinent part, as follows:
Any license, permit, approval, or thing obtained or issued pursuant to the provisions of this Chapter is expressly declared by the legislature to be a pure and absolute revocable privilege and not a right, property or otherwise, under the constitutions of the United States or of the state of Louisiana. Further, the legislature declares that no holder of any license or permit acquires any vested interest or right therein or thereunder.
Nonetheless, although Mr. Copeland may have not suffered a loss of property as a result of the unfair trade practices of Treasure Chest and Mr. Guidry, he was required to expend fees in the amount of $80,000.00 in furtherance of his application for a riverboat gaming license. Thus, Mr. Copeland has certainly set forth enough allegations in support of his claim that he suffered "an ascertainable loss of money" as a result of the unfair trade practices of Treasure Chest and Mr. Guidry. Having determined that Mr. Copeland has stated at least one cause of action, the trial court's judgment must be reversed. See Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d at 206-207.

CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are assessed equally against Treasure Chest and Mr. Guidry.
REVERSED AND REMANDED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.