PETTIGREW, J.
At the center of this dispute is a purported stipulated judgment ("the stipulated judgment") between Allison Cole, the widowed mother of two young daughters, and Russell and Kim Cole, her deceased husband's parents, allowing for grandparent visitation. Ms. Cole challenges the trial court's judgment sustaining the grandparents' exception raising the objection of no cause of action and dismissing, with prejudice, Ms. Cole's petition to annul the stipulated judgment. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
After the death of their son John Cole, Russell and Kim Cole filed a petition for visitation, alleging that Ms. Cole had refused to allow them to visit with their granddaughters. In response, Ms. Cole filed exceptions raising the objections of non-conformity, vagueness, and no cause of action. On the date the exceptions were set for hearing, Ms. Cole and the grandparents were all present and represented by counsel. After a conference in chambers, counsel for the grandparents advised the trial court that there was a "stipulation on all matters" that would "render the exceptions filed by [Ms.] Cole moot." At that time, the stipulation was read into the record by the grandparents' counsel, and all parties indicated their full understanding of the stipulation. However, when the trial court inquired as to the parties' understanding of the stipulation's binding effect on them, there is no indication that Ms. Cole expressed her acquiescence thereto. Rather, only the grandparents answered in the affirmative when the trial court asked, "Does everybody understand that?"
On March 14, 2017, the trial court signed the stipulated judgment, granting the grandparents specific periods of weekend, summer, and holiday visitation. The stipulated judgment further provided that Ms. Cole was precluded from scheduling any activities for the children during the grandparents' visitation. Moreover, while the stipulated judgment afforded the grandparents the option to call and/or text the children, it prohibited Ms. Cole from *541 calling her children during the grandparents' visitation, absent an emergency.
Thereafter, Ms. Cole filed a petition to annul the stipulated judgment, alleging, among other things, that she never consented to the stipulated judgment and that her counsel intentionally and fraudulently misrepresented the nature of the proceedings to cover up her own negligence.[1] Ms. Cole acknowledged that she "very reluctantly accepted" the terms of the stipulated judgment, but that her agreement was not based on any valid consent. Rather, Ms. Cole asserted her consent was vitiated by error, fraud, and duress within the purview of La. Code Civ. P. arts. 2001 et seq. Ms. Cole further alleged that when the terms of the stipulated judgment were read into the record, she was told by her counsel that she had to say that she agreed.
In response thereto, the grandparents filed an exception raising the objection of no cause of action and a motion to strike, which were set for hearing. The grandparents argued there was no evidence of ill practice or fraud by Ms. Cole's counsel at the February 22, 2017 hearing[2] and that Ms. Cole's allegations of coercion were ludicrous and insufficient to rise to the level required to vitiate her consent based on duress, ill practices, or fraud. They maintained that Ms. Cole's petition contained no argument that gave rise to a cause of action to annul the March 14, 2017 stipulated judgment. Moreover, the grandparents alleged that Ms. Cole's statements in the petition concerning their deceased son were inflammatory, insulting, and untrue and should be stricken from the record. On November 15, 2017, the trial court issued detailed written reasons for judgment and signed a judgment sustaining the no cause of action exception and granting the motion to strike with respect to the allegations contained in Paragraph 5 of Ms. Cole's petition to annul. Ms. Cole's appeal of this judgment followed.
RULE TO SHOW CAUSE
(Assignments of Error A & C)
After Ms. Cole appealed, this court issued a rule to show cause order indicating the November 15, 2017 judgment appeared to lack appropriate decretal language. Ms. Cole responded by filing a motion to stay her appeal pending the remand of the matter to the trial court for the entry of an amended judgment. On May 29, 2018, this court denied the motion to stay appeal, indicating that it had already issued an interim order to the trial court. In said interim order issued on May 29, 2018, the matter was remanded to the trial court for the entry of an amended judgment, containing precise, definite, and certain language regarding the relief granted.
However, prior to this order being issued, the trial court signed an amended judgment on May 16, 2018, clarifying the court's rulings on the no cause of action exception and the motion to strike, and dismissing Ms. Cole's petition to annul for failure to state a cause of action. The appellate record herein was supplemented with the May 16, 2018 amended judgment on May 30, 2018. The November 15, 2017 judgment, as amended by the May 16, 2018 judgment, contains the appropriate decretal language to be a valid final judgment, i.e., it names the party in favor of *542 whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted. See Jenkins v. Recovery Technology Investors, 2002-1788 (La. App. 1 Cir. 6/27/03), 858 So.2d 598, 600.
Because the November 15, 2017 judgment lacked decretal language actually dismissing Ms. Cole's petition for nullity, it was an interlocutory judgment. See State in Interest of J.C., 2016-0138 (La. App. 1 Cir. 6/3/16), 196 So.3d 102, 107. Accordingly, Ms. Cole's motion for appeal was premature since the trial court had not signed a final judgment at the time the motion was granted. See La. Code Civ. P. art. 1918(B). Any defect arising from a premature motion for appeal is cured, however, once a final judgment has been signed. Therefore, when the trial court signed a final judgment on May 16, 2018, which contained proper decretal language, the prematurity of her motion for appeal was cured. Overmier v. Traylor, 475 So.2d 1094, 1094-1095 (La. 1985) (per curiam) ("once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing an otherwise valid appeal"); Chauvin v. Chauvin, 2010-1055 (La. App. 1 Cir. 10/29/10), 49 So.3d 565, 568 n.1. Accordingly, we maintain the appeal. See Goux v. St. Tammany Parish Government, 2013- 1387 (La. App. 1 Cir. 10/24/14), 156 So.3d 714, 719-720, writ not considered, 2014- 2471 (La. 2/13/15), 158 So.3d 828.
NO CAUSE OF ACTION
(Assignments of Error B & D)
Ms. Cole assigns error to the trial court's judgment maintaining the grandparents' no cause of action exception. Ms. Cole argues further that the trial court erred in failing to allow her an opportunity to amend her petition to annul to attempt to state a cause of action pursuant to La. Code Civ. P. art. 934.
The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993) ; Copeland v. Treasure Chest Casino, L.L.C., 2001-1122 (La. App. 1 Cir. 6/21/02), 822 So.2d 68, 70. All facts pled in the petition must be accepted as true. Rebardi v. Crewboats, Inc., 2004-0641 (La. App. 1 Cir. 2/11/05), 906 So.2d 455, 457. Furthermore, the facts shown in any documents annexed to the petition must also be accepted as true. B & C Elec., Inc. v. East Baton Rouge Parish School Bd., 2002-1578 (La. App. 1 Cir. 5/9/03), 849 So.2d 616, 619 ; see also La. Code Civ. P. art. 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof."). The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Richardson v. Richardson, 2002-2415 (La. App. 1 Cir. 7/9/03), 859 So.2d 81, 86. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corp., 97-2873 (La. App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
The only documentary evidence that may be considered on an exception raising the objection of no cause of action is that which has been annexed to the petition, unless the evidence is admitted without objection to enlarge the petition.
*543 Woodland Ridge Ass'n v. Cangelosi, 94-2604 (La. App. 1 Cir. 10/6/95), 671 So.2d 508, 511. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court conducts a de novo review. The exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, 2001-0987 (La. 11/28/01), 801 So.2d 346, 349 ; B & C Elec., Inc., 849 So.2d at 619. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. Richardson, 859 So.2d at 86. The question, therefore, is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Copeland, 822 So.2d at 70.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action. Copeland, 822 So.2d at 70. In reviewing the petition to determine whether a cause of action has been stated, the court must, if possible, interpret it to maintain the cause of action. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co. of Texas, 99-1728 (La. App. 1 Cir. 9/22/00), 767 So.2d 949, 952, writ denied, 2000-2887 (La. 12/8/00), 776 So.2d 1175. However, because Louisiana retains a system of fact pleading, mere conclusory statements in the petition, without supporting facts, are insufficient to set forth a cause of action. Montalvo v. Sondes, 93-2813 (La. 5/23/94), 637 So.2d 127,131.
When the grounds of the peremptory exception raising the objection of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La. Code Civ. P. art. 934. The decision to allow amendment is within the sound discretion of the trial court. LeBlanc v. Alfred, 2015- 0397 (La. App. 1 Cir. 12/17/15), 185 So.3d 768, 777.
It is clear from a review of the transcript of the October 16, 2017 hearing that the parties were in agreement that the February 22, 2017 transcript was admitted without objection to enlarge the petition. See Woodland Ridge Ass'n, 671 So.2d at 511. Counsel for both sides referred to said transcript and acknowledged that it had been filed into the record for the court's review.
Ms. Cole contends that in the light most favorable to her, the March 14, 2017 stipulated judgment, allegedly derived from the February 22, 2017 hearing, is invalid and unenforceable as not only did she fail to consent to the judgment on the record, but any consent allegedly given by her was vitiated by the fraud and ill practices of her attorney. Ms. Cole argues that this is a basis for nullity pursuant to La. Code Civ. P. art. 2004(A), which provides that "[a] final judgment obtained by fraud or ill practices may be annulled." However, it is well established in our jurisprudence that improper representation or misconduct of the movant's attorney is not a *544 legally recognized basis for a nullity action. See Stroscher v. Stroscher, 2001-2769 (La. App. 1 Cir. 2/14/03), 845 So.2d 518, 524 ; DeBaillon v. Consolidated Operating Co., 2007-1117 (La. App. 3 Cir. 1/30/08), 975 So.2d 682, 686 ; and Melancon v. D & M Enterprises, 95-0644 (La. App. 4 Cir. 9/28/95), 662 So.2d 54, 57. Thus, the allegations of misrepresentation and duress on the part of Ms. Cole's attorney do not set forth a cause of action herein. As the law affords no remedy under the facts alleged regarding representation and there is no indication that the petition could be amended to provide a valid cause of action, the claims of Ms. Cole were properly dismissed for failure to state a cause of action.
MOTION TO STRIKE
(Assignment of Error E)
Louisiana Code of Civil Procedure Article 964 provides: "The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." The granting of a motion to strike pursuant to Article 964 rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard. Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151, 1162 (La. 1988). See also Detillier v. Borne, 2015-129 (La. App. 5 Or. 9/23/15), 176 So.3d 669, 671. Motions to strike are viewed with disfavor and are infrequently granted. They are disfavored because striking a portion of a pleading is a drastic remedy, and because they are often sought by the movant simply as a dilatory tactic. However, a motion to strike is proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. Carr v. Abel, 2010-835 (La. App. 5 Cir. 3/29/11), 64 So.3d 292, 296, writ denied, 2011-0860 (La. 6/3/11), 63 So.3d 1016. See also Smith v. Gautreau, 348 So.2d 720, 722 (La. App. 1 Cir. 1977). A motion to strike is a means of clearing up the pleadings, not a means of eliminating causes of action or substantive allegations. Hicks v. Steve R. Reich, Inc., 38,424 (La. App. 2 Cir. 5/12/04), 873 So.2d 849, 852 ; Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 2001-0345 (La. App. 3 Cir. 6/20/01), 790 So.2d 93, 98.
Because the source of Article 964 is found in Rule 12(f) of the Federal Rules of Civil Procedure, we look to federal jurisprudence to assist us in analyzing Article 964.[3] Smith, 348 So.2d at 722. The terms "redundant, immaterial, impertinent, or scandalous matter" have been defined in at least one federal case, Marceaux v. Lafayette Consol. Government, 6:12-01532 (W.D. La. 10/18/12), 2012 WL 5197667 (unpublished), wherein the court stated:
Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading. Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a *545 derogatory light on someone, most typically on a party to the action. "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available."
Id. (footnotes with citations omitted); see also Bayou Fleet Partnership, LLC v. St. Charles Parish, 2010-1557 (E.D. La. 7/8/11), 2011 WL 2680686 (unpublished).
In this matter, the grandparents sought to have stricken from the record what they alleged was an inflammatory, insulting, and untrue character assassination of their deceased son John as well as comments made about them. The trial court granted the motion to strike the statements contained in Paragraph 5, subparagraphs A through I, finding that the statements were hearsay. On appeal, Ms. Cole argues that the "information characterized by the grandparents as 'inflammatory, insulting, and untrue statements regarding them and their relationship to their children' is clearly relevant to the best interests of the children" ... "as well as to Ms. Cole's ability to raise her children as would any other parent-unimpeded by problematic interlopers." We have reviewed the record before us and find no abuse of discretion in the trial court's ruling granting the grandparents' motion to strike the statements contained in Paragraph 5 of Ms. Cole's petition to annul.
DECREE
For the above and foregoing reasons, we affirm the trial court's May 16, 2018 judgment in all respects. We assess all costs associated with this appeal against appellant, Allison Cole.
APPEAL MAINTAINED; AFFIRMED.
Chutz, J. concurs.

According to the record, Ms. Cole is represented by new counsel on appeal.

We note that the judgment makes reference to a February 2, 2017 hearing. However, it is clear from the minute entry and the transcript that the hearing occurred on February 22, 2017.

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."