THERIOT, J.
Global Marketing Solutions, L.L.C. appeals the judgment of the Eighteenth Judicial District Court sustaining the exceptions of no cause of action filed by Chevron U.S.A. Inc., Exxon Mobil Corporation, Key Production Company, Inc., and Seal Energy Company, Inc. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
By act of cash sale recorded in the conveyance records of the Parish of West Baton Rouge on September 12, 2005, Global Marketing Solutions, L.L.C. ("Global") purchased 144 acres of land located in the Bayou Choctaw Oil and Gas Field from Water Oak Plantation, L.L.C. Global alleges that after purchasing the land, it discovered that the land was contaminated by various forms of toxic waste that had seeped through the soil from drilling operations that had been conducted since 1937 to the present time.
At no time did Global possess mineral rights to the land. The mineral rights had been severed years prior by various mineral leases beginning in the 1930s. Through investigation and discovery, Global learned that the defendants were mineral lessees at various points in the land's history and had conducted drilling operations.
On March 14, 2006, Global filed suit against several defendants, including Chevron U.S.A., Inc. ("Chevron"), Exxon Mobil Corporation ("Exxon"), Key Production Company, Inc. ("Key"), and Seal Energy *98 Company ("Seal"), asserting contract and tort claims. According to Global, the various defendants were responsible for the contamination of the property at issue. The trial court ultimately dismissed the claims against the defendants pursuant to the Supreme Court of Louisiana's holding in Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, 2010-2267 (La. 10/25/11), 79 So.3d 246.[1] On September 19, 2014, this court affirmed the dismissal. See Global Marketing Solutions, LLC v. Blue Mill Farms, Inc., 2013-2132 (La. App. 1 Cir. 9/9/14), 153 So.3d 1209, writ denied, 2014-2572 (La. App. 1 Cir. 4/23/15), 173 So.3d 1164.
On November 16, 2015, Global filed a fifth supplemental and amending petition seeking damages from Chevron, Exxon, Key, Seal, and other defendants.[2] In the fifth supplemental and amending petition, Global sought a mandatory and prohibitive injunction ordering the various defendants in the supplemental petition to remediate the contamination on Global's property caused by oil and gas exploration and production activities to a level that complies with applicable regulations and orders, including Statewide Order 29-B, and restraining defendants in the supplemental petition from further violating, or threatening to violate, applicable regulations and orders, including Statewide Order 29-B.
The fifth supplemental and amending petition referenced two letters sent by Global to the Commissioner of Conservation ("the Commissioner"). The first letter, dated September 23, 2015, informed the Commissioner that Global owns contaminated property and deemed the letter to be formal notice of regulatory violations under La. R.S. 30:14. This letter also stated that if the Commissioner did not take action within ten days, Global would sue the responsible parties for injunctive and other appropriate relief. On October 14, 2015, Global sent a second letter to the Commissioner, which referred to the September 23, 2015 letter and reiterated Global's request that the Commissioner file suit under La. R.S. 30:14 or that Global would do so under La. R.S. 30:16.
On November 6, 2015, the Commissioner sent a compliance order to Chevron seeking a work plan for assessing soil and groundwater conditions at the site at issue. The compliance order noted that there are constituents of concern present in the soil and/or groundwater of the property in question which indicates potential impact from historical oil and gas exploration and production activities in excess of regulatory allowances. As a result, the Commissioner ordered Chevron to submit a plan for assessing soil and groundwater conditions at the subject site by January 6, 2016. Chevron and Exxon allege that Chevron timely responded to that order by submitting a work plan, and that the Office of Conservation approved that work plan. However, in its fifth supplemental and amending petition (filed November 16, 2015), Global claimed that the Commissioner had failed to act on those letters, thus *99 giving Global the right to seek relief set forth in La. R.S. 30:14 and 30:16.[3]
In March 2016 and April 2016, Key, Exxon, Chevron, and Seal filed various exceptions of prescription and res judicata seeking to have Global's claims against them dismissed. On June 1, 2016, the trial court denied their exceptions, but dismissed several other defendants on exceptions of no cause of action. In May 2017, Chevron, Exxon, Key, and Seal filed multiple declinatory and peremptory exceptions, including an exception of no cause of action.[4] In their exceptions of no cause of action, the defendants alleged that Global had no cause of action under La. R.S. 30:16 to prevent wholly past violations.
The trial court heard arguments on the May 2017 exceptions on July 26, 2017. On July 31, 2017, the trial court rendered a final partial judgment which granted the exceptions of no cause of action filed by Chevron, Exxon, Key, and Seal. The judgment also declared that the other pending exceptions filed by Chevron, Exxon, Key, and Seal were moot. Additionally, the judgment was designated as a final judgment as to Chevron, Exxon, Key, and Seal pursuant to La. Code Civ. P. arts. 1911 and 1915(A)(1).[5] Global subsequently moved for a new trial, which was denied. Global now appeals the July 31, 2017 judgment and the judgment denying Global's motion for new trial.
ASSIGNMENTS OF ERROR
Global assigns the following as error:
(1) The trial court committed error in finding that Global had no cause of action under La. R.S. 30:16.
(2) The trial court committed error in finding that La. R.S. 30:16 applies only to alleged continuing or present violations of oil and gas statutes and the commissioner's oil and gas regulations.
(3) The trial court committed error in refusing to follow the Supreme Court's rulings in the Marin [v. Exxon Mobile [Mobil] Corp., 2009-2368 (La. 10/19/10), 48 So.3d 234 ] and Eagle Pipe cases.
STANDARD OF REVIEW
The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action, and all well-pleaded allegations of fact are accepted by the court as true. Copeland v. Treasure Chest Casino, L.L.C., 2001-1122 (La. App. 1 Cir. 6/21/02), 822 So.2d 68, 70. See also La. Code Civ. P. art. 931. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Copeland, 822 So.2d at 70.
In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate *100 court should subject the case to a de novo review. Id. The exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, 2001-0987 (La. 11/28/01), 801 So.2d 346, 349. When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Copeland, 822 So.2d at 70. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action. Id. Further, any doubts are resolved in favor of the sufficiency of the petition. Id. The question, therefore, is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Id.
DISCUSSION
Assignment of Error # 1
In its first assignment of error, Global argues that the trial court erred in finding that Global failed to bring a cause of action under La. R.S. 30:14 and 30:16. Louisiana Revised Statutes 30:14 states:
Whenever it appears that a person is violating or is threatening to violate a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder, the commissioner shall bring suit to restrain that person from continuing the violation or from carrying out the threat.
Venue shall be in the district court in the parish of the residence of any one of the defendants or in the parish where the violation is alleged to have occurred or is threatened.
In this suit, the commissioner may obtain injunctions, prohibitory and mandatory, including temporary restraining orders and preliminary injunctions, as the facts warrant, including, when appropriate, injunctions restraining a person from moving or disposing of illegal oil, illegal gas, or an illegal product. Any or all of these illegal commodities may, in the court's discretion, be ordered impounded or placed under the control of an agent appointed by the court.
Louisiana Revised Statutes 30:16 provides:
If the commissioner fails to bring suit within ten days to restrain a violation as provided in La. R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit. If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.
As previously stated, the function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc., 616 So.2d at 1235. The only issue is whether, on the face of the petition, Global is legally entitled to the relief sought. See Copeland, 822 So.2d at 70.
In its fifth supplemental and amending petition, Global alleged that its property had been contaminated by various defendants' oil and gas activities. As a result, Global sought a mandatory and prohibitive injunction against several defendants, including *101 Chevron, Exxon, Key, and Seal, ordering the defendants to remediate the contamination.
Louisiana Revised Statutes 30:14 states that the Commissioner shall bring suit to restrain a person violating "a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder[.]" Louisiana Revised Statutes 30:14 further states that "the commissioner may obtain injunctions, prohibitory and mandatory, including temporary restraining orders and preliminary injunctions, as the facts warrant[.]" Louisiana Revised Statutes 30:16 allows the Commissioner ten days to bring suit to restrain a violation as provided in La. R.S. 30:14. If the Commissioner fails to bring suit within ten days, any adversely affected person in interest may bring suit to prevent violations.
Pursuant to La. R.S. 30:14 and 30:16, Global sent letters to the Commissioner on September 23, 2015 and October 14, 2015 notifying the Commissioner that Global's property was contaminated and requesting that the Commissioner file suit under La. R.S. 30:16. Although the Commissioner eventually sent a compliance order on November 6, 2015, the Commissioner did not bring the requested suit within ten days of either of Global's written requests. Accordingly, Global has authority under La. R.S. 30:16 to file a suit that the commissioner refused to file.
Considering Global's allegations, the injunctive relief sought falls under La. R.S. 30:14 and 30:16. Global's fifth supplemental and amending petition alleges that "the parties made defendants in this supplemental petition are violating Statewide Order 29-B and other regulations and orders of the [Louisiana Department of Natural Resources] and office of the commissioner of conservation by failing to remediate the property to the standards set forth [in] Statewide Order 29-B and other applicable regulations and orders." (Emphasis added.) According to the fifth supplemental and amending petition, the violations at issue - namely, the failure to remediate the property - are still ongoing. Because Global specifically seeks relief under La. R.S. 30:14 and because the Commissioner failed to bring suit within ten days of the September 23, 2015 letter, Global has a cause of action under La. R.S. 30:16 to bring suit seeking the aforementioned injunctions against the various defendants. Therefore, this assignment of error has merit. We reverse the trial court's judgment sustaining the defendants' exceptions of no cause of action and remand this case for further proceedings.
Assignments of Error # 2 and # 3
Because we find that Global has a cause of action under La. R.S. 30:14 and 30:16, we pretermit discussion of Global's second and third assignments of error. See Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1217 ("If the petition states a cause of action on any ground or portion of the demand, the exception [of no cause of action] should generally be overruled").
DECREE
For the above and foregoing reasons, we reverse the judgment of the Eighteenth Judicial District Court sustaining the exceptions of no cause of action filed by Chevron U.S.A. Inc., Exxon Mobil Corporation, Key Production Company, Inc., and Seal Energy Company. We remand this case for further proceedings. Costs of this appeal are assessed to Appellees, Chevron U.S.A. Inc., Exxon Mobil Corporation, Key Production Company, Inc., and Seal Energy Company.
REVERSED AND REMANDED.
Guidry, J. Dissents and assigns reasons.
Holdridge J. concurs with reasons

In Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, the Supreme Court of Louisiana held that a subsequent purchaser of property does not have a right to sue a third party for non-apparent property damages inflicted before the sale of property in the absence of the assignment of or subrogation to that right. 79 So.3d at 252. Instead, the subsequent purchaser has the right to seek rescission of the sale, reduction of the purchase price, or other legal remedies. Id.

Global amended its petition four times in the previous suit. Each of these four amendments included a clause renewing and reiterating all of the allegations (as amended in each amendment) and the prayer of the original petition for damages.

Global's fifth supplemental and amending petition does not refer to the compliance order itself, which was sent ten days prior to the filing of the petition.

Chevron filed the exceptions; Key, Exxon, and Seal adopted Chevron's exceptions.

Louisiana Code of Civil Procedure article 1915(A)(1) states:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.