# Supreme Court of Louisiana

The Opinions handed down on the **26th day of January, 2024** are as follows:

**BY Hughes, J.:**

2023-CC-00794    LAW INDUSTRIES, LLC   VS.   STATE OF LOUISIANA, DEPARTMENT OF EDUCATION, RECOVERY SCHOOL DISTRICT AND ADVANCED ENVIRONMENTAL CONSULTING, INC. (Parish of East Baton Rouge)

*REVERSED IN PART; AFFIRMED IN PART; REMANDED TO DISTRICT COURT. SEE OPINION.*

SUPREME COURT OF LOUISIANA

NUMBER 2023-CC-00794

LAW INDUSTRIES, LLC

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF
EDUCATION, RECOVERY SCHOOL DISTRICT AND
ADVANCED ENVIRONMENTAL CONSULTING, INC.

On Writ of Certiorari to the Court of Appeal, First Circuit,
Parish of East Baton Rouge

**HUGHES, J.**

At issue herein is a district court judgment denying exceptions pleading the objections of no cause of action and peremption filed by the State of Louisiana, Department of Education, Recovery School District (the "State"), in response to the claims raised by defendant/third-party plaintiff Advanced Environmental Consulting, Inc. ("AEC") pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. 51:1401 et seq. The appellate court ruled that La. R.S. 51:1409(E) provides for a one-year *peremptive* period, which had tolled before the LUTPA claim was urged, and dismissed the LUTPA claim against the State. For the following reasons, we reverse in part; affirm the appellate court's dismissal of the LUTPA claim against the State, albeit on different grounds; and remand to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This litigation arose out of an elementary school refurbishment contract executed in April of 2018 by the State with the general contractor on the project, Law Industries, LLC, which subcontracted the asbestos abatement portion of the contract to AEC. After work had begun, a June 2018 inspection conducted by the Louisiana Department of Environmental Quality revealed the continued presence of asbestos-containing materials on the school premises. As a result, the State made

the decision to terminate the contract in July of 2018. The instant suit was instituted by Law Industries, in December of 2018, raising breach of contract claims against defendants AEC and the State.

AEC answered the suit, but did not raise its claim under LUTPA until July of 2021, when it amended and supplemented its answer. AEC asserted the State's actions constituted unfair trade practices under LUTPA, because (as summarized by the district court in its reasons for judgment): the State withheld information from AEC about a previous abatement at the project site that involved "final clearance failures" caused by exposed cement material on the *third* floor (about which, AEC allegedly had no knowledge until discovery in the instant litigation, and prior knowledge of these clearance failures would have altered AEC's work plan and actions); the State based its termination of the contract on the presence of asbestos fibers found on the exposed cement material of the *first* floor; the State based the contract termination on the opinions of non-accredited entities and/or persons; the State based the contract termination on standards not required by any statute, regulation, or contract document and which were not required of previous or subsequent contractors; the State based the contract termination on tests it knew or should have known were not properly conducted; and the State failed to allow AEC a reasonable opportunity to cure any defects in its performance.

The State raised exceptions pleading the objections of no cause of action and peremption to AEC's LUTPA claims, which were denied by the district court. On the State's writ application, the appellate court issued the following ruling:

> **WRIT GRANTED IN PART; DENIED IN PART.** The trial court's January 11, 2023 judgment denying the State of Louisiana, Department of Education, Recovery School District's exception of peremption is reversed. Louisiana jurisprudence has consistently held that the prescriptive period for a private action pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA") is peremptive. See **CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.**, 2019-0730 (La. App. 1st Cir. 7/2/19), 2019 WL 2865138 (unpublished), writs denied, 2019-01232, 2019-01436, 2019-01349, (La. 11/19/19), 282 So.3d

2

1069, 1070, 1073. In the present matter, Advanced Environmental Consulting, Inc. asserted a LUTPA claim against the State of Louisiana, Department of Education, Recovery School District on July 6, 2021, for actions that form the basis of its LUTPA claim that transpired on or before July 16, 2018. We find that Advanced Environmental Consulting, Inc.'s LUTPA claim is perempted on the face of its pleading. Accordingly, we reverse the portion of the trial court's judgment denying the State of Louisiana, Department of Education, Recovery School District's exception of peremption and grant same. We dismiss Advanced Environmental Consulting, Inc.'s LUTPA claim against the State of Louisiana, Department of Education, Recovery School District as perempted. In all other respects, the writ is denied.

**Law Industries, LLC v. State of Louisiana, Department of Education, Recovery School District**, 23-0143, 2023 WL 3299929 (La. App. 1 Cir. 5/8/23) (unpublished).

We granted AEC's writ application. **Law Industries, LLC v. State of Louisiana, Department of Education, Recovery School District**, 23-00794 (La. 10/10/23), 370 So.3d 1067. AEC contends the appellate court erred in ruling that La. R.S. 51:1409(E) contains a peremptive period rather than a liberative prescriptive period. In response, the State urges this court to uphold the appellate court ruling, but should this court rule to the contrary, the State asserts that a dismissal of the LUTPA claim should be granted on the grounds AEC failed to state a valid cause of action against the State under LUTPA.[1]

## LAW AND ANALYSIS

"[A]fter the termination of [a] peremptive period," a perempted cause of

---

[1] As a matter of procedure, we note that the appellate court granted the State's writ application *only* as to the district court's denial of the State's exception of peremption and denied the State's writ application as to the district court's denial of its exception of no cause of action. Therefore, the State would ordinarily be required to file a writ application in this court to contest the appellate court's partial writ denial ruling against the State's interest. See **Doerr v. Mobil Oil Corp.**, 00-0947 (La. 3/16/01), 782 So. 2d 573, 574 (per curiam, on rehearing) ("[W]here certiorari is granted on the application of one party to a suit, the judgment (decree) cannot be amended or changed to the benefit of other parties who have failed to apply for such review."); **Logan v. Louisiana Dock Co.**, 541 So.2d 182, 192 (La. 1989) (per curiam, on rehearing) ("[A] respondent may defend a judgment on any ground consistent with the record, even if rejected in the lower court, but he cannot attack the decree with a view either to enlarging his own rights or to lessening the rights of his adversary unless he files an application…."). Notwithstanding, courts are authorized by La. C.C.P. art. 927(B) ("…[T]he failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit … may be noticed by either the trial or appellate court on its own motion…..") to notice the failure to disclose a cause of action. Therefore, we will examine whether AEC has stated a cause of action under LUTPA against the State.

3

action "no longer exists … and any right to assert the claim is destroyed." **Naghi v. Brener**, 08-2527, p. 11 (La. 6/26/09), 17 So.3d 919, 925-26. Therefore, it is judicially efficient, when both peremption and an exception of no cause of action have been urged, to first examine whether a cause of action exists before advancing to a determination of whether a peremptive period applies to that cause of action and if so whether that peremptive period has expired. Accordingly, we first consider whether AEC has stated a cause of action under LUTPA, against the State.

A cause of action, when examined in the context of a peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. **Ramey v. DeCaire**, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118; **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1238 (La. 1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. **Ramey**, 03-1299 at p. 7, 869 So.2d at 118; **Everything on Wheels Subaru**, 616 So.2d at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. **Ramey**, 03-1299 at p. 7, 869 So.2d at 118; **Jackson v. State ex rel. Dept. of Corrections**, 00-2882, p. 3 (La. 5/15/01), 785 So.2d 803, 806; **Everything on Wheels Subaru**, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Ramey**, 03-1299 at p. 7, 869 So.2d at 118; **Montalvo v. Sondes**, 93-2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131.

A LUTPA cause of action is based on La. R.S. 51:1405(A), which states that "[u]nfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (Emphasis

4

added.) It is well settled that a practice is considered unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers or business competitors. **Copeland v. Treasure Chest Casino, L.L.C.**, 01-1122, p. 4 (La. App. 1 Cir. 6/21/02), 822 So.2d 68, 71; **Inka's S'Coolwear, Inc. v. School Time, L.L.C.**, 97–2271, p. 10 (La. App. 1 Cir. 11/6/98), 725 So.2d 496, 501. As this court previously noted, "the range of prohibited practices under LUTPA is extremely narrow." **Cheramie Services, Inc. v. Shell Deepwater Prod.**, 09-1633, p. 11 (La. 4/23/10), 35 So.3d 1053, 1060. "LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, … appropriate free enterprise transactions, … mak[ing] money[, or] … pursu[ing] profit, even at the expense of competitors, so long as the means used are not egregious." **Id.**, 09-1633 at p. 11, 35 So.3d at 1060, quoting **Turner v. Purina Mills, Inc.**, 989 F.2d 1419, 1422 (5th Cir. 1993). Further, "the statute does not provide an alternate remedy for simple breaches of contract[;] [t]here is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes." **Id**. Nevertheless, what constitutes an unfair trade practice in Louisiana is determined by the courts on a case-by-case basis. **Quality Environmental Processes, Inc. v. I.P. Petroleum Co.**, 13-1582, p. 21 (La. 5/7/14), 144 So.3d 1011, 1025; **Copeland v. Treasure Chest Casino, L.L.C.**, 01-1122 at p. 4, 822 So.2d at 71; **Jarrell v. Carter**, 577 So.2d 120, 123 (La. App. 1 Cir.), writ denied, 582 So.2d 1311 (La. 1991).

Applicable to the instant case is La. R.S. 51:1409(A), which confers a private right of action on "[a]ny person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405." **Copeland v. Treasure Chest Casino, L.L.C.**, 01-1122 at p. 4, 822 So.2d at 71. The "unfair or deceptive method[s], act[s], or practice[s]

5

declared unlawful by R.S. 51:1405," supra, are those that occur "***in the conduct of any trade or commerce***." The phrase "trade or commerce" is defined by La. R.S. 51:1402(10)(a) as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."

Therefore, to support a LUTPA cause of action against the State, the State must have been engaged in (when it entered into, and withdrew from, the contract at issue) unfair or deceptive methods, acts, or practices while in the conduct of trade or commerce (i.e., the advertising, offering for sale, sale, or distribution of any services or property). However, under the specific facts and circumstances of the instant case, the State's actions were undertaken in furtherance of its governmental function of providing safe and appropriate educational facilities for schoolchildren. In so doing, it cannot be said that the State was engaged in "trade or commerce," since it was not engaging in "advertising, offering for sale, sale, or distribution of any services [or] property," as set forth in La. R.S. 51:1405(A) and La. R.S. 51:1402(10)(a), respectively.

A similar conclusion was reached in **Stevens v. St. Tammany Parish Government**, 19-1555 (La. App. 1 Cir. 4/8/21), 322 So.3d 1268, <u>writ denied</u>, 21-00800 (La. 11/3/21), 326 So.3d 898, which also involved a governmental entity as a LUTPA defendant. In **Stevens**, the plaintiff/landowners' property was located adjacent to a "public works project," the paving of gravel streets in a neighboring subdivision, which allegedly "altered the drainage, thereby increasing the drainage burden on plaintiffs' property." **Id.**, 19-1555 at p. 2, 322 So.3d at 1274. The defendant, St. Tammany Parish Government ("STPG"), filed an exception raising the objection of no cause of action as to plaintiffs' claim of a LUTPA violation. **Id.**, 19-1555 at pp. 10-11, 322 So.3d at 1279. STPG asserted that plaintiffs failed to state

6

a cause of action for which LUTPA provides a remedy because "plaintiffs failed to identify what 'trade or commerce' STPG was engaged in" or that "plaintiffs were 'consumers' of STPG's alleged commercial activities." **Id**. The **Stevens** court upheld the trial court's ruling that plaintiffs had failed to state a cause of action under LUTPA, as to STPG, since the allegations "contain conclusory allegations or legal conclusions or contain facts that are not related to the statutory definition of 'trade or commerce'" and "do not state that STPG was distributing services or property to plaintiffs so as to come within the definition of 'trade or commerce' contained in La. R.S. 51:1402." **Stevens**, 19-1555 at p. 11, 322 So.3d at 1279.

Likewise, a governmental entity was sued under LUTPA in **Gulf South Business Systems & Consultants, Inc. v. State Through Department of Environmental Quality**, 625 So.2d 697 (La. App. 1 Cir. 1993). Therein, the plaintiff (a vendor of modular office panels and furniture) filed suit against the Louisiana Department of Environmental Quality ("DEQ") for interference with contractual relations and violations of LUTPA, after DEQ actions resulted in a building owner (from whom DEQ would be leasing office space) withdrawing from a purchase order with plaintiff, in favor of purchasing equipment and furnishings from "Prison Enterprises" (another State agency, which was also a vendor of modular furniture and partitions). **Id**., 625 So.2d at 698-99. Originally, the building owner included the office panels/partitions and furniture in the "build out" cost to make the building suitable for DEQ's use, but when it was discovered that certain of DEQ's existing furnishings would not be compatible with the office panels/partitions to be provided by the building owner and plaintiff, it was agreed between DEQ and the building owner that DEQ would purchase compatible panels/partitions directly from Prison Enterprises, and plaintiff lost the sale. **Id**. at 699. Although the trial court ruled in favor of the plaintiff/vendor, the appellate court reversed, reasoning: "[LUTPA] requires the deceptive or unfair act to be one in the course of 'trade' or

7

'commerce.' … The DEQ's actions in this case were not acts in the course of 'trade' or 'commerce' as defined under the act. The DEQ was a consumer in this case, and as so often happens, the consumer changed its mind to the chagrin of the seller. This, however, does not amount to an unfair trade practice." **Gulf South Business Systems**, 625 So.2d at 702-03.

We also note the conclusion reached in **Hairston v. Sun Belt Conference Inc.**, CV 21-2088, 2022 WL 2828834 (E.D. La. 2022), as analogous to the instant case, as both appear to be instances in which a cause of action was stated under other law(s), though not under LUTPA. In **Hairston**, the plaintiff was an employee of the defendant, whose employment was terminated after being told his position was "shut down" due to budget cuts related to Covid-19. Plaintiff alleged that he had a "sneaking suspicion" that he was actually fired due to the culmination of a toxic workplace that discriminated against him because of his race, because his position was subsequently filled by a non-minority person, and four other minority employees were also later terminated. **Id.**, 2022 WL 2828834, at *1. The defendant sought dismissal of the LUTPA claim, contending that plaintiff "cannot pursue a LUTPA claim as an alternative remedy to breach of contract or race discrimination" and that plaintiff's LUTPA claim was "nothing more than a rephrasing of his other claims" for which there was already a legal remedy. **Id.**, 2022 WL 2828834, at *1. The federal district court concluded that the plaintiff's allegations (that his employment was terminated based on his race, that the reasons for the termination were misrepresented, and that his employer's handbook procedures were not followed) did not show how the defendant/employer was advertising, offering for sale, selling, or distributing any services or any property; therefore, the plaintiff had not stated a LUTPA claim against the defendant. **Id.**, 2022 WL 2828834, at *5. The LUTPA claim was dismissed, though the court noted that plaintiff's "additional claims for breach of contract, race discrimination, and failure to pay vacation time

8

remain pending." **Id**.

In the instant case, the State entered into a contract for the refurbishment of an elementary school building, hiring the plaintiff/company, Law Industries, as the general contractor to provide construction services, and the defendant/third-party plaintiff, AEC, was hired as a subcontractor to perform asbestos removal services, until the State terminated the contract for unsatisfactory progress in remediation of the asbestos. While the plaintiff/contractor and the defendant/third-party plaintiff may have stated a cause of action under contract law and/or on other bases, there is no available cause of action against the State under LUTPA in this case. Even though Law Industries and AEC were engaged in the conduct of a "trade or commerce" (i.e., offering their construction-related services for sale to the State), under these circumstances the State was merely a customer acting in furtherance of its governmental function of maintaining school buildings in good repair and free from health hazards. We conclude that no LUTPA cause of action has been, or could be, stated against the State under this factual scenario, and the LUTPA claim should be dismissed. As stated hereinabove, as a matter of judicial efficiency, the appellate court should have ruled on the exception of no cause of action before disposing of the exception of peremption. Accordingly, the appellate court ruling, holding that La. R.S. 51:1409(E) sets forth a peremptive period rather than a liberative prescriptive period,[2] should be reversed, and the State's objection pleading the

---

[2]We note that La. R.S. 51:1409(E) (providing that a private LUTPA action "shall be subject to a *liberative prescription* of one year running from the time of the transaction or act which gave rise to this right of action"), prior to its amendment by 2018 La. Acts, No. 337, stated that the private LUTPA action "shall be *prescribed by one year* running from the time of the transaction or act which gave rise to this right of action." (Emphasis added.) Prior to Act 337, La. R.S. 51:1409(E) was construed jurisprudentially as setting forth a peremptive period, which raises the question, post-Act 337, of whether the Louisiana Legislature intended to change the language of the law to reflect that the limitation for filing a LUTPA action under this statute is subject to liberative prescription, rather than peremption. Although we do not find it necessary to explicitly rule on this question herein, we note the Louisiana Legislature must be assumed to be aware of the pre-Act 337 State court rulings, holding the prior language of La. R.S. 51:1409(E) was peremptive, rather than prescriptive (see **Bihm v. Deca Systems, Inc.**, 16-0356, p. 28 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, 488; **Zeigler v. Housing Authority of New Orleans**, 12-1168, pp. 11-12 (La. App. 4 Cir. 4/24/13), 118 So.3d 442, 451; **Morris v. Sears, Roebuck & Co.**, 99-2772, p. 4 (La.

objection of no cause of action should be sustained, as to the LUTPA claim.

## DECREE

Accordingly, we reverse the appellate court's grant of the peremptory exception pleading the objection of peremption; we sustain the peremptory exception pleading the objection of no cause of action filed by State of Louisiana, Department of Education, Recovery School District; and we affirm the dismissal of Advanced Environmental Consulting, Inc.'s LUTPA claim against the State of Louisiana, Department of Education, Recovery School District, on the basis of a failure to state a valid LUTPA cause of action. The matter is remanded to the district court for further proceedings in accordance with the foregoing.

**REVERSED IN PART; AFFIRMED IN PART; REMANDED TO DISTRICT COURT.**

App. 4 Cir. 5/31/00), 765 So.2d 419, 422; **Spencer-Wallington, Inc. v. Service Merchandise, Inc.**, 562 So.2d 1060, 1063 (La. App. 1 Cir.), <u>writ denied</u>, 567 So.2d 109 (La. 1990), all holding the period as "peremptive"). We further note that after these decisions the 2018 Legislature deemed it necessary to change the language in the statute from the less specific "prescribed by one year" to the express, clear, and unambiguous language of "liberative prescription." <u>See</u> La. R.S. 24:177 ("The legislature is presumed to have enacted an article or statute in light of the preceding law involving the same subject matter and court decisions construing those articles or statutes, and where the new article or statute is worded differently from the preceding law, the legislature is presumed to have intended to change the law. … The text of a law is the best evidence of legislative intent.") In light of R.S. 24:177, the Legislative intent in enacting Act 337 to amend R.S. 51:1409(E) would seem to be indisputable since the text of the law is the best evidence of intent - that the LUTPA private action set forth in La. R.S. 51:1409 "shall be subject to a *liberative prescription* of one year." (Emphasis added.)